UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KIRK W.,

                          Plaintiff,

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                          Defendant.

_____

<u>DECISION AND ORDER</u>

18-CV-1049L

        Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #26). Pursuant to a contingent fee agreement permitting an award of attorneys fees of up to 25% of the past-due benefits award, plaintiff's counsel, William C. Bernhardi, seeks an award of $45,983.50 (25% of the award for past-due benefits), and will refund to plaintiff the $5,984.49 previously awarded for attorney fees under the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose plaintiff's motion. (Dkt. #28).

        The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #26-5), and I find no evidence of delay or duplication of effort.

The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall, and notes that the amount sought does not exceed the statutory 25% cap, or the amount to which counsel is entitled under plaintiff's fee agreement. *See* 42 U.S.C. §406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

With respect to whether the requested award would result in a windfall, the Court observes that the amount of attorney's fees that counsel stands to receive – $45,983.50 – results in a *de facto* hourly rate of $1,574.78 for the 29.2 hours of time at the appellate level, which is above the upper range of awards approved in recent, similar cases. *See e.g., Fields v. Kijakazi*, 24 F.4th 845, 2022 U.S. App. LEXIS 2628 (2d Cir. 2022)(approving rate of $1,556.98 as reasonable for New York City firm); *Campana v. Saul*, 2020 U.S. Dist. LEXIS 122259 at *4 (W.D.N.Y. 2020)(approving hourly rate of $1,000, which although "very high by Western New York standards" was justified by the necessity of encouraging counsel to take contingency-fee cases); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 at *5-*6 (W.D.N.Y. 2019) (*de facto* rate of $1,051.64 is not unreasonable); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014)(*de facto* hourly rate of $1,308.79 is not unreasonable).

Nonetheless, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Indeed, in a matter involving strikingly similar facts to those presented here, the Second Circuit recently cautioned against undue reliance on a lodestar analysis of hourly rates in determining whether a requested fee would result in a windfall, holding that "[f]or a district court

2

to find that the fee provided by a contingency fee agreement in [disability] cases is unreasonable, and to do so solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is *unearned* by counsel." *Fields*, 2022 U.S. App. LEXIS 2628 at *3, *21-*22 (emphasis added)(reversing district court's reduction of fees with a lodestar of $1,556.98 per hour, because it "rested entirely on its finding of a windfall," and holding that because "all other considerations supported the reasonableness of [the fee] request," including counsel's expertise, counsel's participation in administrative proceedings, plaintiff's satisfaction with the results achieved, and the risk of nonrecovery, "the requested fee would not constitute a windfall, as that term is properly understood"). *See also McDonald*, 2019 U.S. Dist. LEXIS 51643 at *4 (a "lodestar analysis may also be helpful in analyzing the windfall factor but the lodestar figure does not determine reasonableness"). The "windfall concern" is aimed at situations where a "lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Fields*, 2022 U.S. Ap. LEXIS 2628 at *20. Thus, "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 2022 U.S. App. LEXIS 2628 at *15-*16.

"Among the factors to be considered are the ability and expertise of the lawyers and whether they were particularly efficient." *Id*. Courts are accordingly warned that "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency," by reducing a high *de facto* hourly rate that is simply the result of accomplished lawyers doing "what other lawyers might reasonably have taken twice as much time to do." *Id*., 2022 U.S. App. LEXIS 2628 at *17 (citing *Jeter v. Astrue*, 622 F.3d 271, 380-81 (5th Cir. 2010)).

Moreover, "courts should consider the nature and length of the professional relationship with the claimant – including any representation at the agency level – when determining whether

a requested fee can truly be deemed a windfall." *Id*. at \*17. Although fees for such work are not compensable under Section 406(b), "consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significant of the result achieved in district court.'" *Id*. at \*17-\*18 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).

Here, while the requested fee is undoubtedly high when viewed through the figurative keyhole of a lodestar analysis, the Court is persuaded, upon consideration of all of the factors relevant to a reasonableness determination and in light of the Second Circuit's guidance in *Fields*, that it was by no means "unearned." In so finding, the Court takes note of counsel's more than three decades of experience in the field of Social Security disability law, and his office's significant investment of time and effort in this matter over a period of more than six years. As plaintiff's counsel avers, he "represented Plaintiff from his initial application through three hearings, cross examined two medical experts and three vocational experts, and made two appeals to the Commissioner's Appeals Council, before ultimately prevailing in this claim." (Dk. #26-7 at 7). Counsel and his associates expended nearly 80 hours of time at the administrative level, which undoubtedly equipped him to prosecute plaintiff's appeal with particular efficiency.

Counsel's efforts at the appellate level, while comprising a relatively modest 29.2 hours, required full command of an "unusually voluminous," 960-page record, and included research and preparation of a detailed and persuasive 29-page motion for judgment on the pleadings, and a 10-page reply memorandum. *Daily v. Commissioner*, 2020 U.S. Dist. LEXIS 48685 at \*12 (S.D.N.Y. 2020)(a record of over 900 pages is "unusually voluminous" for a Social Security appeal, and should reasonably be expected to require more attorney time than normal). *See generally Field*,

2022 U.S. App. LEXIS 2628 at *18 ("[i]t is quite likely that the significant investment of time and effort in [claimant's] case at the agency level further enabled [his counsel] to operate with efficiency in the federal courts"); *Hernandez v. Commissioner*, 2020 U.S. Dist. LEXIS 93704 at *6 (S.D.N.Y. 2020)("district courts within the Second Circuit have found that it is reasonable for a Plaintiff's attorney to spend 20-40 hours on a typical Social Security disability appeal in federal court"). The Court is also mindful of "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 2022 U.S. App. LEXIS 2628 at *19.

The results obtained in this matter – a fully favorable decision and a significant award of past-due benefits, in the amount of $184,934.00 (Dkt. #26-4) – likewise militate in favor of approving the requested fee. Notably, even the Commissioner agrees that "there is no evidence of fraud or overreaching" in counsel's fee request, and makes no argument that it would result in a windfall. (Dkt. #28 at 5).

For these reasons, I find, as the Second Circuit did in *Fields*, that "the fee requested . . . is not a windfall. Rather, it is the product of efficient and effective representation, which drew upon [counsel's] substantial experience and expertise and was informed by the firm's representation of [plaintiff] through years of agency proceedings." *Id.*, 2022 U.S. App. LEXIS 2628 at *21. The application is, accordingly, granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #26) in the amount of $45,983.50 is granted. The award is to be made payable to the William C. Bernhardi Law Offices, PLLC, attorneys for plaintiff.

If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 25, 2022.

6